THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* RAFAEL CRUZ DÍAZ, Defendant and Appellant.

No. 8232. Argued June 8, 1940.—Decided June 14, 1940.

*L. Santiago Carmona* for appellant. *R. A. Gómez, Prosecuting Attorney,* and *Luis Negrón Fernández, Assistant Prosecuting Attorney,* for appellee.

Mr. Justice Wolf delivered the opinion of the court.

After a trial, the appellant, Rafael Cruz Díaz, was convicted of aggravated assault and battery. He appealed and, supported by two affidavits, he asked that the transcript of the evidence and the services of court be supplied to him gratis because he was insolvent. On the day of the motion the appellant failed to appear to argue his case and the court held that the affidavits were insufficient to justify the motion wherein the appellant prayed to proceed *in forma pauperis.* Appellant filed a motion for reconsideration which was likewise denied. The order or orders of the court denying the right to proceed *in forma pauperis* are fundamentally based on affidavits containing averments of insolvency and lack of funds.

One only has to look to paragraph 67 of the Bankruptcy Act and 32 C.J. 805, *et seq.,* to see that the word "insolvency" is not the statement of an ultimate fact but is

a conclusion of law. A man may be totally insolvent by any definition and still be able to raise the funds for the administration of a case. Under the Bankruptcy Act the administration of the case is paid ahead of any debtors. The other averments of the affidavits were not sufficient to allow the court to judge of the actual present inability of the defendant to pay the stenographer's and the court's costs. We so hold, but if we were in doubt of this matter, the discretion of the court below should prevail. *People* v. *Lawton,* 46 P.R.R. 178.

██ It transpires that on the day of the hearing the stenographer appeared and opposed the granting of the motion. The appellant complains that he was not notified of the opposition of the stenographer. The failure to notify defendant was harmless if an inspection of the record convinces us that the motion should be denied with or without the opposition of the stenographer. The appellant filed no affidavit of merits and this failure militates against any right that he might have had to have the action of the court below reviewed.

██ For the first time, in this court, the appellant alleges that the stenographer is bound to supply his notes without fees. This was settled to the contrary in *People* v. *Lawton, supra.*

We find no merit in the appeal and the order of the court should be affirmed.

Mr. Chief Justice Del Toro and Mr. Justice De Jesús took no part in the decision of this case.